UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BIANCA SELENE CALDERA
HERRERA (A-221-436-588),

          Petitioner,

    v.

WARDEN, et al., et al.,

          Respondents.

No. 1:26-cv-2896 TLN CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Bianca Selene Caldera Herrera (A-221-436-588), a native and citizen of Mexico, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Following appointment of counsel, petitioner filed an amended petition. Petitioner entered the United States in or about 1995, without inspection. In December 2025, petitioner was transferred from law enforcement into the custody of Immigration and Customs Enforcement ("ICE"), and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondents to provide petitioner a bond hearing within seven days. ///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.   FACTUAL BACKGROUND

Petitioner is a 32 year old citizen and native of Mexico who has three sons who were all born in the United States.  (ECF No. 12 at 5.)  Petitioner entered the United States as a small child, in or about 1995 without inspection.  (ECF No. 12 at 5.)  (ECF No. 8-1 at 2.)

On November 25, 2025, petitioner was booked into the county correctional center on charges of driving while intoxicated ("DWI") in Ft. Worth, Texas, which is where ICE officials encountered her.  (ECF No. 12 at 6-7, 8-1 at 2.)  Upon her release from state custody, ICE arrested and detained her on December 7, 2025.[2]  (Id.)

Petitioner admits to one misdemeanor conviction for DWI entered on October 23, 2024.[3]  (ECF No. 12 at 6.)  Respondents do not contend that petitioner is detained subject to 8 U.S.C. § 1226(c) or § 1231.  (See ECF No. 14.)

Petitioner suffers from bipolar depression as a result of the domestic violence she endured at the hands of the father of her youngest son, and that individual is now serving time in state prison as a result.  (ECF No. 12 at 6.)  Petitioner is further suffering in detention where she has been unable to access medical assistance or medication.  (Id. at 6.)  Petitioner has been in continuous immigration detention since December 7, 2025.  (ECF No. 8-1 at 3.)

Respondents do not contest petitioner's factual allegations.  (See ECF No. 14.)

## II.   PROCEDURAL BACKGROUND

On April 16, 2026, petitioner filed the pro se petition for writ of habeas corpus.  (ECF No. 1.)  On April 21, 2026, the district court referred this matter to the Magistrate Judge.  (ECF No. 5.)  On April 22, 2026, respondents timely filed an opposition to the petition.  (ECF No. 8.)  On

---

[2]  In the amended petition, counsel claims petitioner has been in ICE custody since December 7 or 8, 2025.  (ECF No. 12 at 6-7.)  Because immigration records reflect petitioner was transferred into ICE custody on December 7, 2025, the Court uses December 7, 2025.  (ECF No. 8-1 at 3.)

[3]  On May 10, 2018, petitioner was arrested for "assault fam/house member, abandon/ endanger child imminent danger BI, poss marij."  (ECF No. 8-1 at 3.)  It appears the 2018 charges were changed by the prosecutor, and the resulting misdemeanor charges were waived, dismissed or deferred, and petitioner received community supervision for at least one charge.  (ECF No. 8-2 at 5, 6-8 (RAP sheet); ECF No. 12 at 6.)  On August 16, 2020, petitioner was arrested for property theft.  (ECF No. 8-1 at 3.)  The property theft charge was dismissed on April 20, 2021.  (ECF No. 8-2 at 10; ECF No. 12 at 6.)

May 19, 2026, this Court appointed counsel to represent petitioner.  (ECF No. 10.)  On June 4, 2026, petitioner's counsel filed an amended petition.  (ECF No. 12.)  On June 15, 2026, this Court noted respondents' failure to file a responsive pleading, and granted respondents an extension of time to file a responsive pleading.  (ECF No. 13.)  On June 16, 2026, respondents filed a response.  (ECF No. 14.)  On June 17, 2026, petitioner's counsel filed a reply.  (ECF No. 15.)  Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.   DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  Petitioner challenges the statutory basis for her detention (claim one), and argues that her ongoing continued detention and respondents' failure to provide her with an individualized hearing violates the Fifth Amendment Due Process Clause.  (ECF No. 12 at 8-12.)  Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and she is ineligible for a bond

hearing.[4]  (ECF No. 8 at 1-2.)  Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress and that petitioner does not have a liberty interest in remaining out of custody during removal proceedings.  (Id. at 2-3.)

### A.    Statutory Claim (Claim One)

This Court must first decide whether petitioner, who has lived in the United States since some time in 1995, is subject to discretionary release under § 1226(a), as petitioner contends, or whether petitioner is now subject to mandatory detention under § 1225(b)(2), as respondents argue.  8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond hearing.  8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding."  Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)).  Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."  Id. at 1202.  Therefore, "[i]f the noncitizen is

---

[4]  Respondents did not file an answer to the amended petition, but filed a response requesting submission on the existing record stating, "the detention authority in this case remains 8 U.S.C. § 1225(b)(2)," and argue that the amended petition "does not raise any new arguments that are not already addressed by respondents' initial pleading."  (ECF No. 14.)  Petitioner argues the Court should treat Respondents' response as a failure to oppose the requested relief because the amended petition raises a new procedural due process claim based on prolonged detention.  (ECF No. 15 at 3-4.)  Petitioner is incorrect, however, this is not a new claim.  The original petition raised a procedural due process claim based on prolonged detention (ECF No. 1 at 16-17), and respondents' original opposition includes general due process arguments (ECF No. 8 at 2-3).  The amended petition raised a new statutory claim (see ECF No. 12 at 8-10), which respondents' original opposition addressed (see ECF No. 8 at 1-2).  The Court accepts respondents' request to submit its previously submitted opposition in response to the amended petition.  There is no prejudice to petitioner, who had the opportunity and did respond to respondents' opposition.  (See ECF No. 15.)

4

detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Respondents contend petitioner is detained under § 1225(b)(2). (ECF No. 14.) In their initial opposition, respondents argue that § 1225(b)(2) applies because petitioner is an "applicant for admission" and therefore subject to mandatory detention. (ECF No. 8 at 1-2.)

The Court concludes that § 1226(a) applies to petitioner. First, petitioner has lived in the United States since 1995, and was not encountered at the border, but was living in the United States when she was detained. (ECF No. 12 at 9; see also ECF No. 8-1 at 2.) Respondents do not dispute this fact. (See ECF No. 14.)

Second, this Court agrees with and joins the majority of courts nationwide, including the Eastern District of California, in rejecting respondents' new interpretation[5] of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026)[6]; Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); Rodriguez Vazquez v. Bostock, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (concluding, after a thorough analysis, that "the government's [interpretation of § 1225] belies the

---

[5] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

[6] The full case citation also includes the following: Juan Manuel Lopez-Campos (25-1965); Juan Carlos Sanchez Alvarez (25-1969); Jose Daniel Contreras-Cervantes; Fredy De Los Angeles-Flores; Mariela Virginia Ocando-Leon; Luis Felipe Jarquin-Jarquin; Debbie Vasquezcruz; Jairo Manuel Godoy-Perez; Marifer Diaz-Alcantar; Miguel Angel Reyes-Sanchez (25-1978); Jesus Jose Pizarro Reyes (25-1982) v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations (25-1965/1969/1978/1982); Markwayne Mullin, Sec'y of U.S. Dep't of Homeland Security; U.S. Dep't of Homeland Sec. (25-1965/1969); Todd W. Blanche, Acting U.S. Att'y General; Exec. Off. of Immigr. Rev. (25-1965), 2026 WL 1283891, at *1 (6th Cir. May 11, 2026).

statutory text of the [Immigration and Nationality Act], canons of statutory interpretation, legislative history, and longstanding agency practice"); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals']  construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful.").

"These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [petitioner], living in the interior of the country." Salcedo Aceros v. Kaiser, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  By contrast, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).  This Court incorporates and adopts the thorough and persuasive reasoning of the district court in Lepe, 2025 WL 2716910, at *3-9.

Further, though respondents do not cite to Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. 2026), or Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), this Court acknowledges that these circuits disagree.  This Court does not find Buenrostro-Mendez or Avila

to be persuasive, and instead finds the analysis in Castañon-Nava, 161 F.4th at 1060-62, and Barbosa da Cunha, 2026 WL 1146044, to be more persuasive.  See also Lopez-Campos, 2026 WL 1283891, at *1; Hernandez Alvarez, 2026 WL 1243395; Gurvinder Singh v. Chestnut, 2026 WL 413839 (E.D. Cal. Feb. 14, 2026); Singh v. Baltazar, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026) (rejecting the Buenrostro majority in its interpretation of § 1225 as nonbinding and highlighting the Seventh Circuit Court of Appeals' disagreement with the Buenrostro majority) (citing Castanon-Nava, 161 F.4th at 1052); Tomas Nicolas v. Warden, 2026 WL 364399, at *3 n.3 (S.D. Ind. Feb. 10, 2026) (disagreeing with Buenrostro majority and declining to follow); Chachipanta Cando v. Bondi, 2026 WL 357551, at *5 n.6 (D. Neb. Feb. 9, 2026) (same); Aroca v. Mason, 2026 WL 357872, at *15 n.40 (S.D. W.Va. Feb. 9, 2026) (same).  As the Second Circuit explained in Barbosa da Cunha:

> Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter.
>
> This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

Barbosa da Cunha, 2026 WL 1146044 at *2.  In any event, neither Buenrostro-Mendez nor Avila are binding on this Court.

Following the majority of courts, this Court also rejects the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) and their contention that petitioner is an "applicant for admission" subject to § 1225(b)(2).  This Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner has resided in this country for at least 30 years, and petitioner's December 2025 arrest and detention were not upon her arrival to

7

the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 CFR §§ 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F. 4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided a bond hearing before her detention and is entitled to relief on her statutory claim (claim one).

### B.      Petitioner's Other Claim for Relief (Claim Two)

In light of the Court's recommendation that petitioner's requested relief be granted on her statutory claim (claim one), petitioner's remaining habeas corpus claim (claim two) need not be resolved.

## V.      REMEDY

As relief, petitioner requests immediate release from custody, or alternatively, a bond hearing. (ECF No. 12 at 12-13.) Considering § 1226(a)'s discretionary detention framework, and the absence of any prior release on bond pursuant to § 1226(a) (see ECF No. 12 at 2; ECF No. 15 at 7-8 (no prior release and first encounter with immigration officials was November 2025)), this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"); see also J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026) (recommending bond hearing where no prior release on bond pursuant to § 1226(a)), findings and recommendations adopted by, 2026 WL 297304 (E.D. Cal. Feb. 4, 2026); Cresencio Sandoval Alvarez v. Warden, 2026 WL 913250, at *3 (E.D. Cal. Apr. 3, 2026) (same). The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.

See J.S. v. Wofford, 2026 WL 125258, at *8; 8 C.F.R. §§ 236.1(d)(1), 1003.19; Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19)).  At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof).

VI.   **CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on petitioner's statutory claim (claim one).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.   Respondents be ordered to provide petitioner Bianca Selene Caldera Herrera (A-221-436-588) with a bond hearing within **seven days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that she is not a flight risk or danger to the community.  Petitioner shall be allowed to have her counsel present at the bond hearing.

3.   If respondents fail to provide Petitioner a bond hearing within **seven days**, petitioner shall be immediately released from Respondents' custody.

4.   If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions at the time of release.

5.   The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that

9

failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cald2896.157.2241.imm.bond

10