UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BIANCA SELENE C.H.,[1]

        Petitioner,

    v.

WARDEN OF CALIFORNIA CITY
DETENTION FACILITY, et al.,

        Respondents.

No.  1:26-cv-02896-TLN-CSK

(A# 221-436-588)

**ORDER**

Petitioner, an immigration detainee proceeding through appointed counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 16.)  Respondents filed objections to the findings and recommendations (ECF No. 17), and they have been

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

considered by the undersigned.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. However, the Court finds the appropriate relief is Petitioner's release from custody rather than the post-deprivation bond hearing recommended by the magistrate judge. (*See* ECF No. 16 at 8.)

"Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("the traditional function of the writ is to secure release from illegal custody."); *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023) ("the history of habeas corpus demonstrates why release from confinement is the only available remedy for claims at the writ's core[.]"). As the magistrate judge correctly found, Petitioner's civil immigration detention is unlawful. (*See* ECF No. 16.) Petitioner is subject to 8 U.S.C. § 1226(a) ("§ 1226(a)") but was not provided a bond hearing before she was detained. (*Id.* at 7–8); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (describing the "extensive procedural protections" provided under § 1226(a)). Nor was she issued a warrant prior to her detention. (*See generally* ECF No. 8-1); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under [§] 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under [§] 1226(a).") (emphasis in original). In light of these procedural deficiencies and blatant disregard for Petitioner's constitutional rights, the proper remedy here is not to allow the Government a second chance to come into conformity with the law — it is to release Petitioner from unlawful custody. *See Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of noncitizen challenging his detention without a bond hearing and collecting cases); *A.E.R.T. v. Wofford*, No. 1:25-CV-01824-KES-SKO, 2025 WL 3645297, at *2 (E.D. Cal. Dec. 16, 2025) (ordering release where noncitizen was arrested without a warrant in violation of § 1226(a)). The

Court has repeatedly ruled on the issues presented in the instant case. *See, e.g., Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025); *Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *2–3 (E.D. Cal. Mar. 13, 2026).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 16) are ADOPTED IN PART.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondent must IMMEDIATELY RELEASE Petitioner Bianca Selene C.H. (A # 221-436-588) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on her as a condition of her release. **Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

4. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE